IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                                         CASE NO. 5:18cr21-RH-MJF

BEN GRANBERRY,

     Defendant.

_____/

ORDER DENYING THE RENEWED
MOTION FOR IMMEDIATE RELEASE

The defendant Ben Granberry has served nearly 70 months on a 120-month minimum mandatory sentence in the Bureau of Prisons. He has filed a third motion for immediate release. He relies on 18 U.S.C. § 3582(c)(1)(A), which allows a sentence reduction, including to time served, for "extraordinary and compelling reasons."

Before filing a § 3582(c)(1)(A) motion, a defendant must exhaust administrative remedies or request relief from the warden and wait 30 days. Mr. Granberry says he requested relief from the warden on June 1, 2023, and she denied relief on July 5, 2023. In its response to the current motion, the government

says this was too long ago and Mr. Granberry should be made to do it again. The government has not engaged on the merits of Mr. Granberry's request for release.

Mr. Granberry bases his motion on his medical condition. He suffers from demyelinating polyneuropathy, a rare autoimmune disorder characterized by gradual weakening of the arms and legs. The condition can be treated.

The United States Sentencing Guidelines Manual lists circumstances in which extraordinary and compelling reasons exist. The one at issue here is this:

> (B)  The defendant is—
>
>> (i)  suffering from a serious physical or medical condition,
>>
>> (ii) suffering from a serious functional or cognitive impairment, or
>>
>> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13(b)(1)(B).

Demyelinating polyneuropathy is a serious physical or medical condition. Mr. Granberry's eligibility for a sentence reduction thus turns on (1) whether the disease "substantially diminishes" his ability to provide self-care within the facility environment and (2) whether he is "not expected to recover."

Mr. Granberry's unsworn motion is not sufficient to establish these prerequisites. *See Roy v. Ivy*, 53 F.4th 1338, 1347–48 (11th Cir. 2022) (holding that to be considered as evidence, an inmate's submission must be executed explicitly "under penalty of perjury"). Nor are the § 1B1.13(b)(1)(B) prerequisites established by the medical records the government has submitted with its response to this motion. The record does not include evidence establishing whether his ability to provide self-care within the facility is substantially diminished or whether he is not expected to recover.

To be sure, the medical records confirm that Mr. Granberry has this serious disease. The Bureau of Prisons arranged for Mr. Granberry to be treated at the Duke University Medical Center. But after being seen there, Mr. Granberry declined further treatment, saying he had had this condition "for a long time" and "wishes to pursue this when [he] gets out of prison." ECF No. 155-1 at 16; *see also id*. at 92–98. A patient with a disease as debilitating as Mr. Granberry says his is ordinarily does not turn down treatment at a world-class neurological facility to pursue treatment years later in rural north Florida.

The bottom line is this. The record as compiled to date does not establish Mr. Granberry's eligibility for release under § 1B1.13(b)(1)(B). This makes it unnecessary to consider the government's assertion that Mr. Granberry has not met the exhaustion-or-30-days requirement. And this also makes it unnecessary to

consider whether this motion, like Mr. Granberry's first motion for release, should be denied on the grounds that Mr. Granberry is a danger to the community or that a sentence reduction would be inconsistent with the 18 U.S.C. § 3553(a) sentencing factors.

This order does not preclude Mr. Granberry from moving again, based either on additional evidence of his current condition or on a worsening of his condition. If Mr. Granberry so moves, the Federal Public Defender, who represented Mr. Granberry at trial, will be reappointed; this is an issue on which a qualified attorney's assistance might be helpful. In response to any additional motion, the government may renew its exhaustion defense, but the government should also engage on the merits.

IT IS ORDERED:

1. The motion for immediate release, ECF No. 153, is denied without prejudice.

2. The clerk must provide a copy of this order to Mr. Granberry by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on May 2, 2024.

s/Robert L. Hinkle
United States District Judge